IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOSEPH DELLA RATTA,** | * | |
| Plaintiff | * | |
| v. | * | **CIVIL No. 20-0938** |
| **BROADNECK DEVELOPMENT, CORPORATION,** *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM

Plaintiff Joseph Della Ratta brought this case in the Circuit Court for Anne Arundel County, Maryland against Defendants Broadneck Development Corporation ("Broadneck"), Joseph G. Baldwin, and John Dixon (collectively "Defendants"). (Compl., ECF No. 7.) Baldwin and Dixon, with the consent of Broadneck, subsequently removed the action to this Court. (Notice of Removal, ECF No. 1.) Plaintiff then filed a Motion to Remand the action to Maryland state court. (Mot. Remand, ECF No. 16.) The matter is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Motion to Remand will be granted.

*I. Background*

The parties' dispute over jurisdiction stems from their agreement to pause litigation in Maryland state court after litigating this dispute for almost a year. (Remand Mem. at 2, ECF No. 16-1.) In June of 2019, the parties entered an agreement in which they agreed to dismiss the state court case without prejudice to provide the parties with additional time "to obtain a neutral

1

valuation of Broadneck" and engage in mediation. (Agreement, Mot. Remand, Ex. 2 at 2, ECF No. 16-4.) The agreement stated that "[t]he intent of this Agreement is for the dismissal of the Lawsuit to serve as a *de facto* stay of the Lawsuit." (Agreement at 3.) The parties further agreed to "toll any statute of limitations . . . for a period of nine (9) months" following the filing of a stipulation of dismissal. (*Id.*) In addition, the parties agreed that during this time:

> [T]he Parties' respective rights, claims, and defenses shall remain the same as they were on the day before the filing of the Stipulation of Dismissal. In the event Della Ratta choses to refile the Lawsuit during the Tolling Period, Della Ratta would be in the same position as if the Court had stayed the Lawsuit.

(*Id.*) Furthermore, the parties agreed to the following conditions for service of the Complaint if the case was re-filed:

> In the event that Della Ratta re-files the Complaint, then Gregory L. Arbogast on behalf of Broadneck, and Matthew R. Alsip, on behalf of Dixon and Baldwin, agree to accept service by email and commercial overnight delivery of the Complaint and Summons. Broadneck, Dixon, and Baldwin will re-file their respective Answers.

(*Id.*) The parties subsequently filed a stipulation of dismissal in the state court case. (Docket, Mot. Remand, Ex. 1 at 11, ECF No. 16-3.)

Plaintiff re-filed his Complaint in the Circuit Court of Anne Arundel County, Maryland on March 19, 2020. (*See* Compl.) The following day, Plaintiff's attorney emailed the Complaint and Information Report to Gregory Arbogast on behalf of Broadneck and Matthew Alsip on behalf of Dixon and Baldwin. (Martone Email, Mot. Remand, Ex. 3, ECF No. 16-5.) The Summons was not included in this email. (*Id.*) On April 10, 2020, Dixon and Baldwin, with the consent of Broadneck, removed the case to this Court on the grounds of diversity jurisdiction. (*See* Notice of Removal at 2.) Plaintiff is a citizen of Florida and all Defendants are citizens of Maryland. (*Id.* at 2–3.)

## II.  Legal Standard

An action brought in a state court may be removed only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal courts "must strictly construe removal jurisdiction" because it "raises significant federalism concerns." *Id.* The United States Court of Appeals for the Fourth Circuit has found that Congress had the "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, which is known as diversity jurisdiction. 28 U.S.C. § 1332. The basic purpose of diversity jurisdiction is to "give a citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). Therefore, pursuant to § 1441(b)(2), a civil action may not be removed solely on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This exception is referred to as the forum defendant rule, which exists because when the defendant is a citizen of the state in which the action is brought, i.e. a forum defendant, "there is no need to protect [them] from local prejudice." *See Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 642 (D. Md. 2015). The forum defendant rule therefore aims to prevent a forum defendant from removing a case to federal court. *See id.* at 642–43.

### III. *Analysis*

Plaintiff argues that the forum defendant rule bars Defendants from removing this case to federal court because all Defendants are citizens of Maryland who were properly served. Defendants argue that they were not "properly served" pursuant to § 1441(b)(2), and therefore the forum defendant rule does not apply. (*See* Opp'n Mem. at 1–2, 5, ECF No. 17.) Specifically, Defendants argue that the parties agreed that service would be accomplished by email of the Complaint and Summons, but Plaintiff only emailed Defendants the Complaint. (*Id.* at 3–4.) Therefore, according to Defendants, they were never properly served prior to removal and the forum defendant rule does not apply.

The purpose of the "properly joined and served" language is to "prevent gamesmanship by plaintiffs." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014). The language is designed "'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'" *Id.* (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008)) (alteration in the original). Here, there is no evidence that Plaintiff was engaging in such gamesmanship. First, the Defendants are all citizens of the state of Maryland, and thus there can be no argument that any of them were joined solely to prevent removal under the forum defendant rule. *See Reimold*, 110 F. Supp. 3d at 643 ("Where, as here, every defendant is a citizen of the forum state, there is no such danger of opportunistic joinder.") Second, Plaintiff's counsel emailed Defendants' counsel with the Complaint the day after it was re-filed in state court—partial, albeit incomplete, service under the terms of their agreement. (*See* Martone Email.) Lastly, and most importantly, the terms of the parties' agreement expressly provided that if Plaintiff re-filed the Complaint, Plaintiff "would be in the same position as if the Court had stayed the Lawsuit." (Agreement at

4

3.) To permit Defendants to remove this case would frustrate the clear purpose of the parties' agreement and would permit Defendants to engage in their own form of gamesmanship. Removal would allow Defendants to exploit the loophole in the forum defendant rule despite the fact that they have already litigated this case in state court for almost a year, received the Complaint by email as provided for in the parties' agreement, and are residents of the forum state.

It is undisputed that Plaintiff did not email the Summons to Defendants as provided for in their agreement. However, this fact must be balanced against the fact that the agreement also stated Plaintiff "would be in the same position as if the Court had stayed the Lawsuit" if he re-filed his Complaint. (Agreement at 3.) It also must be balanced against the goals of the forum defendant rule and the need to prevent absurdities that would result from a strict reading of that provision. As this Court has previously stated, a more functional reading of Section 1441(b)(2), with a focus on preventing gamesmanship and preventing forum defendants from avoiding the jurisdiction of their own state courts, best accomplishes the goals behind the forum defendant rule in a way that a strict, narrow reading of that provision does not. *See Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 726–27 (D. Md. 2017). Such a reading also carries out Congress's "clear intention . . . to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall*, 6 F.3d at 232. Accordingly, the Court finds that the forum defendant rule applies here and Plaintiff's Motion to Remand will be granted.

Because Defendants' argument in favor of removal was not frivolous, the Court declines in its discretion to award attorney's fees to Plaintiff.

### IV.   *Conclusion*

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 16) will be granted.

Dated this 20 day of July, 2020

BY THE COURT:

/s/

James K. Bredar
Chief Judge